UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL FETZER,

      Plaintiff,

v.                               Case No. 4:19cv492-MW-HTC

Secretary of the Florida
Department of Children and
Families, CHAD POPPELL,
President of Well Path Solutions
Correct Care, LLC, JEREMY BARR,
Administrator of the Florida Civil
Commitment Center, DONALD SAWYER,
Secretary of Florida Department of
Corrections, MARK S. INCH,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Daniel Fetzer, a civil detainee under Florida's Jimmy Ryce Act who is proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 1. In his complaint, Fetzer requests the following relief: (1) that the Court immediately order him "discharged with prejudice" from his civil commitment; (2) that the Court order the expungement of all records relating to his civil commitment; and (3) "100 billion dollars for the almost 10 years Mr. Fetzer's

[been] falsely imprisoned and all the pain and suffering and compensatory damages." ECF Doc. 1 at 19 (capitalization corrected).

The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Having screened the complaint under 28 U.S.C. § 1915(e)(2), the undersigned recommends the complaint be dismissed because (1) Fetzer's request to be released from confinement cannot be brought in a § 1983 action; (2) Fetzer is not entitled to the injunctive relief (expungement of the records) he seeks in federal court; (3) Fetzer's claim for monetary damages, if successful, would necessarily impugn the validity of his civil commitment and so is barred by *Heck*[1] and its progeny; and (4) Fetzer did not truthfully disclose his prior litigation history.

## I.    BACKGROUND

### A.    Factual History

Fetzer pled guilty to assault with attempt to rape in Massachusetts in 1985 and was sentenced to six to nine years of incarceration. ECF Doc. 1-1 at 76 in Middle District of Florida case no. 3:14-cv-533 (transcript of probable cause hearing on April 20, 2010). He served his sentence and moved to Florida, where, on May 20, 1997, he was convicted of child abuse / neglect (not involving sexual offenses) in Nassau County, Florida. See *Id.* at 78; ECF Doc. 1 at 11; and FDOC Offender

---

[1] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)

Search Page.[2] He was sentenced to serve a 10-year, 6-month term of imprisonment, with an estimated release date of March 27, 2010. *Id.*

In early 2009, the Florida Department of Children and Families ("DCF") assembled a Multi-Disciplinary Team to evaluate whether Fetzer was a sexually violent predator under the Jimmy Ryce Act ("Act"). *See* March 23, 2010 *Petition to Have Respondent Declared a Sexually Violent Predator* ("Jimmy Ryce Petition") at ¶ 6.[3]

The Jimmy Ryce Act provides the following:

(2) If the court or jury determines that the person is a sexually violent predator, upon the expiration of the incarcerative portion of all criminal sentences and disposition of any detainers, the person shall be committed to the custody of the Department of Children and Families for control, care, treatment, and rehabilitation of criminal offenders, until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large.

Fla. Stat. § 394.917. "Sexually violent predator" means "any person who: (a) Has been convicted of a sexually violent offense; and (b) Suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." Fla. Stat. § 394.912(10).

---

[2] Available at http://www.dc.state.fl.us/offenderSearch/detail.aspx?DCNumber=J04486
[3] Doc. 1 in case 16-2010-CA-003850-XXXX-MA in Duval County, Florida. Available at: https://core.duvalclerk.com/CoreCms.aspx?mode=PublicAccess

The multi-disciplinary team issued a report in May of 2009 that Fetzer met the statutory definition of a sexually violent predator under the Act. The report relied in part upon the findings of Dr. Etheridge who diagnosed Fetzer with a paraphilia not otherwise specified and found that Fetzer "has the propensity to force sex upon women without regard for their safety and welfare and lacks empathy for the victims. His sexually deviant behavior has been characterized by violence, and he is not afforded the protected factor that sex offender treatment would have served." ECF Doc. 1-1 at 55, 88 in Middle District of Florida case no. 3-14-cv-533.

On March 23, 2010, as Fetzer was approaching his release date of March 27, 2010, the State Attorney filed a petition to have Fetzer declared a sexually violent predator. *See* Jimmy Rice Petition at ¶¶ 10-11. Fetzer was detained immediately after his term of incarceration expired on March 27, 2010 and was eventually transferred to the Florida Civil Commitment Center ("FCCC") in Arcadia, Florida.

On April 20, 2010, the Fourth Judicial Circuit Court of Duval County held a hearing on the Jimmy Ryce Petition at which Fetzer was represented by counsel and two psychologists, who examined Fetzer, testified. The full transcript of the hearing is available at ECF Docs. 1-1 and 1-2 in Middle District of Florida case no. 3-14-cv-533. The Court found probable cause, and then, on November 24, 2010, the Court formally declared Fetzer a sexually violent predator. ECF Doc. 1-1 at 21 from 3-14-cv-533. Fetzer has been confined to the FCCC from March 2010 to the present.

### B.    Litigation History

In the instant complaint, Fetzer argues he is being unconstitutionally held in FCCC because he does not suffer from a mental abnormality or personality disorder. He relies upon a declaration[4] authored by Allen Frances, MD, which points out that under the DSM-V the commission of a rape, alone, does not provide grounds to find a mental disorder, particularly a paraphilia not otherwise specified.  ECF Doc. 1 at 21.  Instead, to find a paraphilia according to the DSM-V, there must be affirmative evidence that using force was a necessary or preferred trigger for sexual arousal and that the behavior is not better explained as simply opportunistic or anger-driven or substance-induced.  *Id.*  Dr. Frances was not involved with Fetzer's case.  Fetzer argues the state court improperly relied upon, and the other officials continue to improperly rely upon,[5] only the fact that Fetzer committed a rape to find that he met the requirements of the Act.

---

[4] Fetzer does not specify the context, such as a trial or civil commitment proceeding, in which the declaration was made.

[5] Florida law provides that the mental condition of a person committed under the Jimmy Ryce Act "shall" be examined at least every year so that the court may conduct a review of the person's status.  *Id.* § 394.918(1).  The court then "shall" hold a hearing to determine whether there is probable cause to believe that the person's condition has changed so that he will not engage in acts of sexual violence if released. *Id.* § 394.918(3).  If the court finds probable cause, the court "shall" hold a trial on the issue, at which the state has the burden of proving that it is not safe for the defendant to be released. *Id.* § 394.918(3)-(4).  *See Kakuk v. Dep't of Children & Family Servs., State of Fla.*, 516 F. App'x 901, 902 (11th Cir. 2013).

This is hardly Fetzer's first bite at this apple, however. Fetzer has filed a multitude of challenges to his civil commitment over the years. First, he appealed his commitment all the way to the Florida Supreme Court, *see Fetzer v. Florida Dept. of Children and Families*, SC12-2360 & SC13-1944 (Pet. for rehearing denied April 15, 2014), and has also filed two prior federal actions involving his civil commitment. For example, in 3:14-cv-00533-MMH-PDB (M.D. Fla.) Fetzer filed a "Petition for a Writ of Mandamus and or Writ of Habeas Corpus" seeking immediate release from his civil commitment at the FCCC, either through a writ of mandamus or a writ of habeas corpus. ECF Doc. 1 in that case at 1-2. He named the state judge, the state circuit court and the State of Florida as respondents and argued that he was "locked up without proof of mental illness." *Id.* The petition was dismissed on September 23, 2014. ECF Docs. 7 & 8 in that case. In 2:18-cv-00614-JES-MRM (M.D. Fla.), Fetzer filed a § 1983 action seeking to force Dr. Frances to either testify in Fetzer's defense or pay Fetzer $100,000,000. The case was dismissed at the screening stage under 28 U.S.C. § 1915(e)(2). The instant case is thus Fetzer's third attempt at relief in federal court raising this issue.

## II.    ANALYSIS

### A.    Plaintiff's Action is Subject to Screening Under 28 U.S.C. § 1915(e)(2).

As an initial matter, even though Fetzer is technically not a "prisoner" under the Prison Litigation Reform Act ("PLRA"), his complaint is nonetheless subject to

the screening provisions under the PLRA. In *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002), a civil detainee under the Act filed a civil rights action under 42 U.S.C. § 1983 and the district court dismissed the case under 28 U.S.C. § 1915(e)(2). On appeal, the Eleventh Circuit affirmed. The panel opined that even though Troville was not a "prisoner" under the PLRA,[6] the case-dismissal provision of §1915(e)(2) applied to Troville because § 1915(e)(2) does not limit its application explicitly to prisoners. *See also Mehmood v. Guerra,* 783 F. App'x 938, 940 (11th Cir. 2019) ("To the extent Mehmood argues that his complaint was not subject to screening by the district court under § 1915(e)(2), we disagree. Mehmood is correct that, as a civil detainee, he is not a "prisoner" under the PLRA. . . . Nevertheless, under § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike.") and *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss his complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief

---

[6] Because Troville was deemed not a prisoner, the panel first held that the full payment provision of § 1915(b)(1) did not apply to him because § 1915(b) restricts its application to "prisoners." That is, § 1915(b) states, "Notwithstanding subsection (a), if **a prisoner** brings a civil action or files an appeal in forma pauperis, **the prisoner** shall be required to pay the full amount of a filing fee." (emphasis added). *See* ECF Doc. 6 declining to impose the filing fee in the instant case, citing *Troville*.


may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B). The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A complaint is frivolous within the meaning of § 1915(e)(2)(b) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B.    Fetzer's Request to Be Released from Confinement Cannot Be Brought in a § 1983 Action

In his first request for relief, Fetzer requests that the Court immediately order him "discharged with prejudice" from his civil commitment. However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus" and not relief under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The former Fifth Circuit, in *Chancery Clerk of Chickasaw County, Mississippi v. Wallace* applied this doctrine to "persons involuntarily confined in Mississippi mental institutions." 646 F.2d 151, 156–57 (5th Cir.1981) (Unit A). The Court noted that the "essential inquiry, therefore, is whether this challenge to the

procedures for commitment of individuals to state mental institutions is a challenge to the legality of the confinements as such.  If so, a § 1983 suit claiming civil rights violations does not lie. Such suits must be brought under s 2254(a)."  The panel allowed the § 1983 suit in that case, but only because the plaintiffs were "not asking for immediate release from confinement, and they would not be entitled to such immediate release even if they prevailed."  *Id.* at 157.  Here, in contrast, Fetzer "moves this Honorable Court to immediately order the Plaintiff Daniel Fetzer discharged with prejudice." ECF Doc. 1 at 19.  Since he is clearly seeking immediate release, his claim cannot be brought under § 1983.

This is true even though Plaintiff seeks damages.  In other words, a claim for damages does not convert a habeas claim to a 1983 action.  Instead, such a monetary claim would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Under *Heck*, the court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's detention, unless the plaintiff demonstrates that the reason for the detention has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *Heck* applies equally to claims that implicate the validity of civil commitment proceedings. *Newsome v. Finkelstein*, No. 08-60424-CIV, 2008 WL 11479244, at

*3 (S.D. Fla. Apr. 17, 2008), *report and recommendation adopted*, No. 08-60424-CIV, 2008 WL 11479245 (S.D. Fla. May 23, 2008), *aff'd sub nom. Newsome v. Broward Cty. Pub. Defs.*, 304 F. App'x 814 (11th Cir. 2008) (citing *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1137 (9th Cir. 2005)).

Here, Fetzer seeks damages against four individuals he argues are responsible for falsely imprisoning him under the Act. He alleges that he does not suffer from a mental abnormality or personality disorder. In other words, if this argument were accepted, it would necessarily negate one of the elements for commitment under the Act – a mental abnormality or personality disorder. *See* Fla. Stat. § 394.912(10).

Under *Heck*, a civil suit is barred if, to succeed, the plaintiff "must negate an element of the offense of which he has been convicted." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal quotations omitted). *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005) (*Heck* barred suit because plaintiff challenged the validity of a mental health assessment underlying his civil commitment, and because that commitment had not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). Because Fetzer's claims for monetary damages are premised on this Court's finding that Fetzer should not have been committed under the Act, they must be dismissed under *Heck* and its progeny.

## C.  Fetzer's Request for Injunctive Relief (Expungement of the Records) Is not Cognizable in Federal Court

Fetzer also moves this Court to "order all records [having] to do with [his civil commitment] be expunged."  ECF Doc. 1 at 19.  Whether Fetzer's request for an order of expungement is treated as a petition for a writ of mandamus directed at state officials or simply a request for an order of expungement from this Court, he is not entitled to relief.

Some courts have construed such a request as a petition for an impermissible writ of mandamus directed at state officials.  "[T]he relief that Plaintiff seeks here — an order directing a state official to expunge one or more convictions from his state court criminal record — is in effect mandamus relief against a state official, which this Court lacks the power to grant."  *Pearson v. Super. Ct. of Douglas Cnty.*, No. 1:16-CV-02615, 2016 WL 5897786, at *2 (N.D. Ga. Sept. 7, 2016), *report and recommendation adopted sub nom. Pearson v. Superior Court of Douglas Cty.*, No. 1:16-CV-2615-TWT, 2016 WL 5871299 (N.D. Ga. Oct. 7, 2016); *Critten v. Yates*, 10-10146, 2010 U.S. App. LEXIS 12383, at *6 (11th Cir. June 16, 2010) ("agree[ing] with the district court that it did not have the power to grant" plaintiff's "request that [it] compel the [state] superior court clerk to provide him with a copy of his state court indictment"; citing 28 U.S.C. § 1361, which "limit [s] a district court's mandamus jurisdiction to compelling 'an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff'); *Lamar v. 118th*

*Judicial Dist. Ct.*, 440 F.2d 383, 384 (5th Cir. 1971), in which the former Fifth Circuit "conclud[ed] that federal courts have no general power to issue writs of mandamus to compel state judicial officers to perform their duties").[7]   Thus, if Fetzer's request is construed as a petition for writ of mandamus against state officials, this Court lacks the power to grant it.

The result is no different if Plaintiff's complaint is construed to seek "merely an order requiring defendant to expunge the said convictions from all official records within his custody" rather than mandamus relief directed at state officials.   *See Carter v. Hardy*, 526 F.2d 314, 315 (5th Cir. 1976).   In *Carter*, the former Fifth Circuit declined to order the expungement because "the Court's privilege to expunge matters of public record is one of exceedingly narrow scope.  Public policy requires here that the retention of records of the arrest and of the subsequent proceedings be left to the discretion of the appropriate authorities."  *Id.* (citing *Rogers v. Slaughter*, 469 F.2d 1084 (5th Cir. 1972)).

Here, as in *Carter*, Fetzer's convictions "were obtained in apparent good faith under a statute whose constitutionality is not in issue."  *Carter*, 526 F.2d at 315.  *See also Westerheide v. State*, 831 So. 2d 93, 112 (Fla. 2002) (rejecting various constitutional challenges to the Jimmy Ryce Act); *Kansas v. Hendricks*, 521 U.S.

---

[7] Decisions of the former Fifth Circuit handed down on or before September 30, 1981 are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

346 (1997) (rejecting constitutional challenge to Kansas's sexually violent predator civil commitment act which *Westerheide* found to be similar to the Jimmy Ryce Act).

Also, as noted above, Fetzer's designation as a sexually violent predator was the result of an investigation by a multi-disciplinary team, mental health examinations by two psychologists, a hearing with counsel, and an order of a circuit court judge. Thus, the Court finds no reason that this case falls within "the 'exceedingly narrow scope' of expunction mentioned in *Rogers*" and, instead, finds "that it fails to state a cause of action under 42 U.S.C. § 1983." *Carter*, 526 F.2d at 315.

### D.    Fetzer did not truthfully disclose his prior litigation history.

Finally, and as an additional and independent ground for dismissal, Plaintiff failed to disclose multiple cases that he previously filed. Plaintiff did not fill out the proper Court-approved complaint form, instead, he created his own. *See* ECF Doc. 1. Section IV. B. of Plaintiff's form, titled Previous Lawsuits, asks: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" *Id.* at 3. Plaintiff checked the box labeled, "Yes" and disclosed one case, *Fetzer v. Frances*, 2:18cv614. *Id.* Section IV. C. of the form asks: "Have you initiated other actions besides those listed above?" *Id.* Plaintiff wrote, "I don't recall," and did not disclose any further cases. *Id.*

At the end of the complaint, Plaintiff signed his name after the following statement: "Under penalties of perjury . . . the facts stated here are true and correct." *Id.* at 19. Thus, Plaintiff has sworn that at the time he filed his complaint, he had not filed additional lawsuits related to his confinement, beyond the one case he disclosed. The complaint was signed and submitted to prison officials for mailing on October 2, 2019. *Id.* at 19.

The Court takes judicial notice, however, that at the time Plaintiff filed the instant complaint, he had filed under his name and with various identifiers[8], the following actions:

> *Fetzer v. Moore, et al.*, 5:00cv93 (N.D. Fla.) (1983 action dismissed for failure to prosecute)
>
> *Fetzer v. Crow, et al.*, 3:98cv1159 (M.D. Fla.) (1983 action dismissed for failure to state a claim)
>
> *Fetzer v. Crow*, 3:00cv752 (M.D. Fla.) (1983 action dismissed for abuse of the judicial process)
>
> *Fetzer v. Petrovsky, et al.*, 3:00cv1055 (M.D. Fla.) (habeas petition dismissed for failure to state a claim)
>
> *Fetzer v. Mcdonough, et al.*, 4:07cv464 (N.D. Fla.) (1983 action dismissed on summary judgment)

---

[8] In every listed case, Plaintiff is either identified by his FCCC address and FCCC commitment number (#991299), or his Santa Rosa Correctional Institution ("SRCI") address. Plaintiff's involuntary civil commitment evaluation form, attached to his complaint, states Plaintiff was evaluated at SRCI in 2009 and was scheduled for release in 2010. ECF Doc. 1 at 39. Plaintiff is further identified online as having been released from SRCI in 2010. https://mugshots.com/US-Counties/Florida/Nassau-County-FL/Daniel-B-Fetzer.1954571.html.

*Fetzer v. Harrison, et al.*, 3:14cv533 (M.D. Fla.) (petition for writ of mandamus and/or writ of habeas corpus, construed as petition for writ of mandamus, dismissed for Plaintiff's failure to meet his burden of proof).

*Fetzer v. Harrison, et al.*, 0:14stp15060 (11th Cir.) (appeal from *Fetzer v. Harrison, et al.*, 3:14cv533, dismissed for failure to prosecute)

*In re: Daniel Fetzer*, 0:15op11005 (11th Cir.) (appeal from *Fetzer v. Harrison, et al.*, 3:14cv533, dismissed as frivolous, the Eleventh Circuit also noted Plaintiff was a 3-striker)

*Fetzer v. Frances*, 0:19stp10186 (11th Cir.) (appeal from 1983 action, *Fetzer v. Frances*, 2:18cv614, dismissed as procedurally improper)

Plaintiff did not disclose these cases despite the language of questions IV.B. and IV.C. on the complaint form that he created.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Moreover, as a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

Here, Plaintiff submitted false or incomplete information to the Court, as detailed above. The Court finds it hard to believe Plaintiff only recalls one of the

multiple prior actions that he previously filed.  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The Court should not allow Plaintiff's false responses to go unpunished.  An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.  *See Bratton v. Secretary*, No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

## III.    CONCLUSION

As a general rule, a *pro se* plaintiff, "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice" where a more carefully drafted complaint might state a claim.  *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  However, where a more carefully drafted complaint could not state a claim, amendment is futile and not required.  *Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014) (citing *Bank*, 928 F.2d at 1112).

Here Plaintiff cannot allege facts that (1) would render his request for immediate release cognizable in a 42 U.S.C. § 1983 action; (2) would justify this Court ordering expunction of his records; and (3) allow his case to escape the purview of *Heck*.  Additionally, Plaintiff cannot amend his complaint to fix the fact that he failed to disclose several prior actions that he previously filed. Consequently, filing an amended complaint would be futile.

Also, by issuing a report and recommendation of dismissal, the Court is employing a fair procedure and one which affords Fetzer notice and an opportunity to respond.  *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed).

Accordingly, it is respectfully RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) as malicious and for failure to state a claim.

2.      That the clerk be directed to close the file.

At Pensacola, Florida, this 7ᵗʰ day of January, 2020.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.